UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DEBORAH A. RILEY**     **CIVIL ACTION**

**VERSUS**     **No. 15-5729**

**WAL-MART LOUISIANA, LLC**     **SECTION I**

## ORDER AND REASONS

Before the Court is a motion[1] filed by plaintiff to remand the above-captioned matter and for costs and attorney's fees pursuant to 28 U.S.C. § 1447(c). Defendant filed an opposition.[2] For the following reasons, the motion to remand is granted in part and denied in part.

### BACKGROUND

On October 1, 2015, plaintiff filed the above-captioned litigation in state court alleging a slip-and-fall at defendant's store. Defendant removed the case on November 5, 2015, invoking this Court's diversity jurisdiction, which requires complete diversity of citizenship of the named parties and an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Plaintiff does not contest that the parties are diverse, but she argues in her motion to remand that removal was improper because defendant has failed to establish that the amount in controversy exceeds $75,000. Defendant contends that it was facially apparent at the time of removal that plaintiff's claims are for damages in excess of the required jurisdictional amount.

---

[1] R. Doc. No. 6.
[2] R. Doc. No. 8.

## STANDARD OF LAW

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is strictly construed. *See Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F.Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996). Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Plaintiffs in Louisiana state courts, by law, may not specify the numerical value of the damage claim. La. Code Civ. P. art. 893. "In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (citation omitted). "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Id.* (citation omitted). "Where the 'facially apparent' test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal." *Davis v. State Farm Fire & Cas. Co.*, No. 06–560, 2006 WL 1581272, at *2 (E.D. La. June 7, 2006) (Vance, J.) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)).

## DISCUSSION

Defendant has not submitted summary-judgment-type evidence, and the Court will, therefore, address only the first method of assessing the amount in controversy.[3] Plaintiff's state-court petition alleges that she sustained "severe personal injuries and disability, which injuries have caused and continues to cause plaintiff great pain and physical suffering, as well as mental suffering and which injuries have required and will continue to require medical care."[4] Plaintiff itemized her damages in the state proceeding as follows:

Special Damages:

1. Medical expenses – past
2. Medical expenses – future
3. Loss of household services

General Damages:

1. Pain and suffering – past
2. Pain and suffering – future
3. Mental anguish – past
4. Mental anguish – future
5. Loss of enjoyment of life
6. Permanent partial disability[5]

Plaintiff points out in her motion that these are "the customary categories of damages universally set forth in a personal injury action."[6] She claims that "[i]t is hardly apparent from the face of the petition that the claims exceed $75,000.00."[7]

---

[3] Defendant's opposition argues only that it is facially apparent that the amount in controversy exceeds $75,000, and defendant has attached no affidavits or other exhibits, apart from plaintiff's state court petition, to either the notice of removal or the opposition to plaintiff's motion to remand.
[4] R. Doc. No. 1-1, at 2, ¶ 5.
[5] R. Doc. No. 1-1, at 3, ¶ 12.
[6] R. Doc. No. 6-1, at 2.
[7] R. Doc. No. 6-1, at 2.

Defendant cites *James v. Home Depot USA, Inc.*, No. 02-01008, 2002 WL 1453824, at *1 (E.D. La. July 3, 2002) (Fallon, J.), in support of its argument that plaintiff's motion should be denied. In *James*, the court held that it was facially apparent that the amount in controversy exceeded $75,000.00 where the plaintiff sought "damages for a variety of serious injuries and losses including injuries to his 'left lower extremity and back' as well as 'physical, emotional and mental pain and anguish,' disability, past loss of wages and future loss of wages and past and future medical expenses and treatment." *Id.* at *2. While the court in *James* noted that the allegations were "somewhat generic," it additionally observed that the defendants had bolstered their brief by attaching "summary judgment type evidence," including an affidavit of defense counsel, who indicated that "he based the decision to remove, in part, on telephone conversations with Plaintiff's attorney who indicated that . . . the Plaintiff may require knee surgery in the future and has missed work since November[—the notice of removal was filed in April]." *Id.* Defendants had also attached "an MRI of Plaintiff's lumbar spine, which reflects a bulging disc." *Id.* The plaintiff offered no evidence to contradict these claims. *Id.*

This case is not analogous to *James*, which in any event is not binding on this Court. Unlike in *James*, there is no indication in this case of the particular injuries allegedly sustained by the plaintiff. The Court is aware of no MRI's that have been conducted or of any surgery that has been recommended. While defendant is correct that plaintiff's petition alleges a "permanent partial disability,"[8] the Court lacks any factual information regarding the nature of the alleged disability. Without the benefit of the "summary judgment type evidence" that was available to the Court in *James*, this Court cannot conclude, on the basis of the state court petition alone, that it is

---

[8] R. Doc. No. 8, at 3.

"'*facially apparent*' that the claims are *likely* above $75,000." *Luckett*, 171 F.3d at 298 (emphasis added).

This conclusion is buttressed by Fifth Circuit authority, as the plaintiff's claims in this case are similar to those made with "little specificity" in *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). In *Simon*, the Fifth Circuit held that it was not "facially apparent" that the plaintiff's claims would likely exceed $75,000 where the plaintiff's complaint alleged "damages from less severe physical injuries—an injured shoulder, bruises, and abrasions—and unidentified medical expenses for [the plaintiff], plus loss of consortium for [the plaintiff's husband]." *Id.* at 851. The court further noted that the complaint "did not allege any damages for loss of property, emergency transportation, hospital stays, specific types of medical treatment, emotional distress, functional impairments, or disability, which damages, if alleged, would have supported a substantially larger monetary basis for federal jurisdiction." *Id.*

While plaintiff in this case did assert a partial disability claim, she has not alleged damages for "loss of property, emergency transportation, hospital stays, specific types of medical treatment," or "emotional distress." There has also been no "loss of consortium" claim. Rather, plaintiff has claimed an unspecified injury and listed "the customary categories of damages" alleged in a personal injury action. As another judge of this Court has found before, however, "[t]hese allegations are 'fairly vanilla' and in no way indicate the severity of Plaintiff's injuries." *Seaman v. Tetra Applied Techs., Inc.*, No. 99-3811, 2000 WL 222851, at *2 (E.D. La. Feb. 18, 2000) (Sear, J.) (referring to a complaint alleging "serious injuries to [plaintiff's] mind and body" and seeking "past and future mental and physical pain and suffering, lost wages, loss of future earning capacity, medical expenses and related expenses").

Indeed, another section of this Court has more recently found a trip-and-fall complaint seeking "damages for loss of enjoyment of life; physical disability, pain and suffering; past and future mental pain and suffering; disruption of bodily tissues and cells; and past, present, and future medical expenses" to be "fairly vanilla," and therefore insufficient "to affirmatively reveal on its face that the minimum jurisdictional amount was met." *Jupiter v. Lowe's Home Centers, Inc.*, No. 12-895, 2012 WL 2878639, at *2 (E.D. La. July 13, 2012) (Barbier, J.).

As previously explained, the removal statute is strictly construed and doubts are to be weighed against removal and in favor of remand to state court. *See Robin Pipeline Co.*, 1995 U.S. Dist. LEXIS 12013, at *2; *Manguno*, 276 F.3d at 723. While this Court cannot conclusively determine the value of plaintiff's claims, it certainly cannot conclude, on the basis of plaintiff's "fairly vanilla" allegations, that it is "'*facially apparent*' that the claims are *likely* above $75,000." *Luckett*, 171 F.3d at 298 (emphasis added). Accordingly, this Court concludes that defendant's removal of this action was improper, and the motion to remand must be granted.

With respect to plaintiff's request for costs and attorney's fees pursuant to 28 U.S.C. § 1447(c), the Court concludes that the request should be denied. That section states, in pertinent part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court concludes that defendant did not lack an objectively reasonable basis for seeking removal, and so plaintiff's request must be denied.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion to remand is **GRANTED IN PART AND DENIED IN PART**. The motion is **DENIED** with respect to plaintiff's request for attorney's fees and costs and **GRANTED** in all other respects. This matter is **REMANDED** to the 40th Judicial District Court for the Parish of John the Baptist, State of Louisiana, for lack of subject-matter jurisdiction.

New Orleans, Louisiana, December 21, 2015.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**